UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

PATRICIA WARRINGTON,

                                        Plaintiff,

            v.


HUDSON HEADWATERS HEALTH NETWORK,
ELLEN DEPREY, and
ADIRONDACK RADIOLOGY ASSOCIATES, P.C.,

                                        Defendants.

---

Civil Action No.: 8:21-cv-522 (LEK/CFH)

## NOTICE OF REMOVAL

TO:     United States District Court
        for the Northern District of New York

        ANTOINETTE T. BACON, Acting United States Attorney for the Northern District of

New York, RANSOM P. REYNOLDS, Assistant U.S. Attorney, of counsel, respectfully petitions

the Court to remove the above-captioned action from the Supreme Court, County of Essex, State

of New York, to the United States District Court for the Northern District of New York, pursuant

to 42 U.S.C. § 233(c).  In support of this notice, counsel for the United States of America states as

follows:

        1.      Hudson Headwaters Health Network (hereinafter "HHHN") and Ellen Deprey are

defendants in the above-captioned civil proceeding now pending in Supreme Court, County of

Essex, State of New York.

        2.      Upon information and belief, Deprey and HHHN each were served with the

Summons and Complaint, a copy of which is attached hereto as **Exhibit A**.

3.     The Complaint asserts claims of medical malpractice against HHHN, Deprey, and Adirondack Radiology Associates, P.C.

4.     The exclusive remedy for a claim of injury resulting from the performance of medical functions by an employee of the Public Health Service while acting in the scope of her employment is an action against the United States under the Federal Tort Claims Act ("FTCA"). 42 U.S.C. § 233(a).   An entity that receives federal funds under 42 U.S.C. § 245b, and any employee of such an entity, are deemed to be employees of the Public Health Service.  42 U.S.C. § 233(g)(1)(A), (4).

5.     HHHN is an entity that receives federal funds under 42 U.S.C. § 245b, and was deemed by the United States Department of Health and Human Services to be eligible for Federal Tort Claims Act coverage effective January 1, 2017. That coverage has continued without interruption.   See Declaration of Department of Health and Human Services Senior Attorney Meredith Torres, attached as **Exhibit B**.

6.     At the time of the incidents alleged in the complaint, Ellen Deprey was a physician assistant employed by the Hudson Headwaters Health Network.  **See Exhibit B ¶ 6.**

7.     Since HHHN is an entity deemed eligible for Federal Tort Claims Act coverage, and Ellen Deprey was an employee at the time of the allegations contained in the complaint, Plaintiff's exclusive remedy is against the United States.  42 U.S.C. § 233(g)(1)(A).

8.     Co-defendant Adirondack Radiology Associates, P.C. does not received federal funds under 42 U.S.C. § 245b and is not covered by the FTCA.

9.     Where an action asserting negligence or medical malpractice against a Public Health Service employee is filed in state court, the action "shall be removed" to federal court and "deemed a tort action brought against the United States" "[u]pon a certification by the Attorney

General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose."   42 U.S.C. § 233(c).

10.    The Attorney General has designated his authority to provide the certification required by 42 U.S.C. § 233(c) to each United States Attorney.  28 C.F.R. § 15.3.  Attached as **Exhibit C** is a certification signed by Acting United States Attorney Antoinette T. Bacon, certifying that Ellen Deprey was acting within the scope of her employment at the time of the incident alleged in Plaintiff's complaint.

WHEREFORE, petitioner respectfully requests that the above-captioned matter now pending in the Supreme Court, County of Essex, State of New York, be removed to the United States District Court for the Northern District of New York, pursuant to 42 U.S.C. § 233(c).

Dated: May 6, 2021                              ANTOINETTE T. BACON
                                                Acting United States Attorney
                                                Northern District of New York
                                                P. O. Box 7198
                                                100 South Clinton Street
                                                Syracuse, New York 13261-7198


                                    By:    /s/ Ransom P. Reynolds
                                           Ransom P. Reynolds
                                           Assistant United States Attorney
                                           Bar Roll No. 512035



STATE OF NEW YORK
SUPREME COURT                                        COUNTY OF ESSEX

PATRICIA WARRINGTON,

                                        Plaintiff,

        -against-                                   **SUMMONS**
                                                    INDEX NO.:  CV20-0351

HUDSON HEADWATERS HEALTH
NETWORK, ELLEN DEPREY and ADIRONDACK
RADIOLOGY ASSOCIATES, P.C.,

                                        Defendants.

RECEIVED SEP 1 4 2020 By MJ R+C

To the above-named Defendants:

        **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorney an

Answer to the Verified Complaint in this action within twenty (20) days after the service of this

Summons, exclusive of the day of service, or within thirty (30) days after the service if this

Summons is not personally delivered to you within the State of New York.  In case of your failure

to Answer, Judgment will be taken against you by default for the relief demanded in the Verified

Complaint.

Dated:  September 8, 2020

                                Respectfully Submitted,

                                THE MILLS LAW FIRM, LLP

                                By: _____
                                        CHRISTOPHER K. MILLS
                                *Attorneys for Plaintiff*
                                Office & P.O. Address
                                1520 Crescent Road, Suite 100
                                Clifton Park, New York 12065
                                (518) 373-9900

Trial is desired in the County of Essex.
The basis of venue designated above is that the Plaintiff resides in Essex County.

STATE OF NEW YORK
SUPREME COURT                                                    COUNTY OF ESSEX

PATRICIA WARRINGTON,

                              Plaintiff,          **VERIFIED COMPLAINT**

   -against-                                    INDEX NO.: CV20-0351

HUDSON HEADWATERS HEALTH
NETWORK, ELLEN DEPREY and ADIRONDACK
RADIOLOGY ASSOCIATES, P.C.,

                              Defendants.

     The Plaintiff, Patricia Warrington, by and through her attorneys, THE MILLS LAW FIRM, LLP, hereby alleges as follows upon information and belief:

     1.     That Plaintiff, Patricia Warrington, is a resident of the Town of Olmstedville, County of Essex and State of New York.

     2.  The Defendant, Hudson Headwaters Health Network (hereinafter "Hudson Headwaters"), is a domestic not-for-profit corporation organized pursuant to the laws of the State of New York, with its administrative offices located at 9 Carey Road, Queensbury, County of Warren, State of New York.

     3.  That the Warrensburg Health Center is a health center owned and operated by Hudson Headwaters, located at 3767 Main Street, Warrensburg, County of Warren, State of New York.

     4.  That Defendant, Hudson Headwaters operates the Warrensburg Health Center providing medical services to the public and represented to the public that it was staffed to operate such a facility and to treat such patients, including Patricia Warrington, herein.

     5.  That Defendant, Ellen Deprey, is a Registered Physician Assistant employed by Hudson Headwaters at the Warrensburg Health Center.

6. That Defendant, Adirondack Radiology Associates, P.C., is a domestic professional corporation organized pursuant to the laws of the State of New York, with its principal executive office located at 11 Murray Street, Glens Falls, County of Warren, State of New York.

7. That Defendant, Hudson Headwaters contracted with Adirondack Radiology Associates, P.C. to perform radiology services.

8. That Defendant, Ellen Deprey, was at all times herein relevant an agent, servant and/or employee of Defendant, Hudson Headwaters.

9. That Defendant, Ellen Deprey, had an arrangement, agreement, association, employment contract, privileges and/or affiliation with Defendant, Hudson Headwaters.

10. That Defendant, Ellen Deprey, was at all times herein relevant acting within the scope of her employment with Defendant, Hudson Headwaters.

11. That Defendant, Hudson Headwaters, expressly and impliedly represented to Plaintiff that Defendant, Ellen Deprey, was capable of and qualified to render prompt, timely, proper, approved, accepted, sufficient and correct care, examination, monitoring, supervision and treatment, and to perform and practice those steps, tests, procedures, precautions, and techniques necessary and proper as indicated by good, competent and accepted practice.

12. That Defendant, Adirondack Radiology Associates, P.C., expressly and impliedly represented to Plaintiff that it was capable of and qualified to render prompt, timely, proper, approved, accepted, adequate, sufficient and correct care, examination, monitoring, supervision and treatment, and to perform and practice those steps, tests, procedures, precautions, and techniques necessary and proper as indicated by good, competent and accepted practice.

13. That Defendant, Hudson Headwaters, for the purpose of maintaining its business, employed and had under its direction, control, supervision and management various physicians, technicians, nurses and other medical personnel and staff who were employees and were acting in the course of the business of Hudson Headwaters, and within the scope of their employment.

14. That Defendant, Adirondack Radiology Associates, P.C., for the purpose of maintaining its business, employed and had under its direction, control, supervision and management various physicians, technicians, nurses and other medical personnel and staff who were employees and were acting in the course of the business of Adirondack Radiology Associates, P.C., and within the scope of their employment.

15. That Defendant, Hudson Headwaters, in accepting Patricia Warrington as a patient, agreed and undertook to provide her with suitable, proper, competent and timely medical care, and to provide competent, knowledgeable, experienced and qualified physicians, physician's assistants, specialists, nurses, interns, residents, technicians and staff.

16. That the medical staff who provided care and treatment to Patricia Warrington were employees, agents and/or servants of Defendant, Hudson Headwaters, or had a contractual relationship with the Defendant, Hudson Headwaters, and were under Defendant, Hudson Headwaters' supervision and control.

17. That Defendant, Adirondack Radiology Associates, P.C., in accepting Patricia Warrington, as a patient, agreed and undertook to provide her with suitable, proper, competent and timely care, and to provide competent, knowledgeable, experienced and qualified physicians, specialists, nurses, interns, residents, technicians and staff, as well as adequate, proper and sufficient facilities, equipment and medical modalities.

18. That the medical staff who provided care and treatment to Patricia Warrington were employees, agents and/or servants of Defendant, Adirondack Radiology Associates, P.C., or had a contractual relationship with the Defendant, Adirondack Radiology Associates, P.C., and were under Defendant, Adirondack Radiology Associates, P.C.'s supervision and control.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST HUDSON HEADWATERS HEALTH NETWORK, ELLEN DEPREY and ADIRONDACK RADIOLOGY ASSOCIATES, P.C.

19. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "18" as if fully set forth herein.

20. That while Patricia Warrington, was under the care and treatment of Defendants, Hudson Headwaters, Ellen Deprey and Adirondack Radiology Associates, P.C., Defendants had a duty to use reasonable care under the circumstances and provide reasonable, acceptable and appropriate medical care to Patricia Warrington.

21. That Patricia Warrington was under the care of Defendants Hudson Headwaters and Ellen Duprey for the purpose of primary medical care, including treatment, evaluation, testing, monitoring, and management of her overall health.

22. That in May 2018, Patricia Warrington was under the care of Defendants Hudson Headwaters and Ellen Deprey for purposes of obtaining a mammogram.

23. That on or about May 29, 2018, Patricia Warrington was directed to go to the offices of Defendant Adirondack Radiology Associates, P.C. to obtain a mammogram, which was interpreted by Karen Ernst, M.D. of Adirondack Radiology Associates, P.C.

24. That the report of Dr. Karen Ernst of Defendant Adirondack Radiology Associates, P.C. dated May 29, 2018 indicates that there was a mass lesion of the left breast for which additional imaging was recommended.

25. That on or about May 29, 2018, Defendant Hudson Headwaters sent Patricia Warrington a letter indicating that the mammogram was normal, that there was no evidence of cancer and that additional imaging studies were not necessary.

26. That Defendants Hudson Headwaters and Ellen Deprey were negligent in advising Patricia Warrington that her mammogram was normal and that no additional imaging studies were required.

27. That Defendants Hudson Headwaters and Ellen Deprey were negligent in failing to advise Patricia Warrington of the abnormal findings of the mammogram and the need for additional imaging studies, which would have revealed an invasive carcinoma.

28. That Defendant, Adirondack Radiology Associates, P.C., was negligent in its failure to advise Patricia Warrington of the abnormal findings of the mammogram and the need for additional imaging studies, which would have revealed an invasive carcinoma.

29. That Defendant, Adirondack Radiology Associates, P.C., was negligent in its failure to follow up with Patricia Warrington and/or Hudson Headwaters to determine if additional testing had been performed.

30. That Defendants were otherwise negligent and committed medical malpractice in their care and treatment of Patricia Warrington.

31. That in May 2019 Patricia Warrington underwent a subsequent mammogram which again revealed the lesion of the left breast that had gone untreated for more than a year.

32. That subsequent testing revealed that Patricia Warrington, had invasive carcinoma of the left breast.

33. That as a result of the negligence and medical malpractice of the Defendants, Plaintiff, Patricia Warrington, sustained severe and permanent injuries and has been caused pain and suffering and loss of enjoyment of life.

34. That the said injuries and damages were caused by the negligent acts, omissions and conduct of the Defendants and/or their respective agents, servants and employees in their care and treatment of Patricia Warrington without any negligence and/or comparative fault on the part of the Plaintiff.

35. That Plaintiff intends to rely on the doctrine of *res ipsa loquitor* to establish negligence and liability at trial.

36. That Plaintiff intends to rely on the doctrine of *respondeat superior* to establish negligence and liability at trial.

37. That this action is brought in the State of New York Supreme Court because the amount of recovery sought exceeds the jurisdictional level of all lower courts.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendants herein in the manner, form and amounts recited, or as provided by the laws of this State of New York, together with the costs and disbursements of this action.

Dated:  September 8, 2020

Respectfully Submitted,

THE MILLS LAW FIRM, LLP

By: _____
        CHRISTOPHER K. MILLS
*Attorneys for Plaintiffs*
Office & P.O. Address
1520 Crescent Road, Suite 100
Clifton Park, New York 12065
(518) 373-9900

STATE OF NEW YORK
SUPREME COURT                                                    COUNTY OF ESSEX

PATRICIA WARRINGTON,

                                           Plaintiff,

        -against-                                        **ATTORNEY VERIFICATION**
                                                         INDEX NO.: CV20-0351

HUDSON HEADWATERS HEALTH
NETWORK, ELLEN DEPREY and ADIRONDACK
RADIOLOGY ASSOCIATES, P.C.,

                                          Defendants.

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF SARATOGA           )

        The undersigned, an attorney admitted to practice in the courts of New York State, shows

deponent is the attorney of record for the Plaintiffs in the within action; deponent has read the

foregoing *Verified Complaint* and knows the contents thereof; the same is true to deponent's own

knowledge, except as to the matters therein stated to be alleged on information and belief, and

that as to those matters deponent believes it to be true.  This verification is made by deponent and

not by the Plaintiff as the Plaintiff resides outside the County where your deponent has his office

for the practice of law.  The grounds of deponent's belief as to all matters not stated upon

deponent's knowledge are as follows: A review of the file in your deponent's office and discussion

with the Plaintiff.  The undersigned affirms that the foregoing statements are true, under the

penalties of perjury.

DATED:  September 8, 2020

                                        _____
                                        CHRISTOPHER K. MILLS

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** ESSEX
------------------------------------------------------------x
Patricia Warrington,

                              Plaintiff/Petitioner,

          - against -                                    Index No.  CV20-0351
Hudson Headwaters Health Network, Ellen Deprey
and Adirondack Radiology Associates, P.C.,

                              Defendant/Respondent.
------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Consensual Case)
(Uniform Rule § 202.5-b)


**You have received this Notice because:**

   1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the
   New York State Courts E-filing system ("NYSCEF"), and

   2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your**
  **documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a**
  **scanner or other device to convert documents into electronic format, a connection**
  **to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court
  contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: _September 8, 2020_____

_Christopher K. Mills_____
                Name

_The Mills Law Firm, LLP_____
                Firm Name

_1520 Crescent Road, Suite 100_
_Clifton Park, NY 12065_____
                Address

_518-373-9900_____
                Phone

_cmills@millslawny.com_____
                E-Mail

To:   _Hudson Headwaters Health Network_

      _9 Carey Road_____

      _Queensbury, New York_____

                                                                2/24/20

Index  #                    Page 2  of 2                    EF-3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  ESSEX
-----------------------------------------------------------------x
Patricia Warrington,

                          Plaintiff/Petitioner,

          - against -                        Index No.  CV20-0351
Hudson Headwaters Health Network, Ellen Deprey
and Adirondack Radiology Associates, P.C.,

                      Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
(Uniform Rule § 202.5-b)

You have received this Notice because:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the
New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your
  documents in paper, unless you choose to participate in e-filing.**

  **If** you choose to participate in e-filing, you <u>must</u> have access to a computer and a
  scanner or other device to convert documents into electronic format, a connection
  to the internet, and an e-mail address to receive service of documents.

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: <u>www.nycourts.gov/efile-unrepresented</u> or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court
  contact information can be found at <u>www.nycourts.gov</u>

                                Page 1  of  2                       EF-3

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: _September 8, 2020_____

_Christopher K. Mills_____
Name

_The Mills Law Firm, LLP_____
Firm Name

_1520 Crescent Road, Suite 100_
_Clifton Park, NY 12065_____
Address

_518-373-9900_____
Phone

_cmills@millslawny.com_____
E-Mail

To:   _Ellen Deprey_____

_3767 Main Street_____

_Warrensburg, New York_____

2/24/20

Index  #                    Page 2  of 2                    EF-3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ESSEX
-----------------------------------------------------------------x
Patricia Warrington,

                    Plaintiff/Petitioner,

       - against -                Index No.  CV20-0351

Hudson Headwaters Health Network, Ellen Deprey
and Adirondack Radiology Associates, P.C.,

                    Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
### (Uniform Rule § 202.5-b)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

-     serving and filing your documents electronically

-     free access to view and print your e-filed documents

-     limiting your number of trips to the courthouse

-     paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:   September 8, 2020

| | |
|---|---|
| Christopher K. Mills | |
| Name | |
| The Mills Law Firm, LLP | 1520 Crescent Road, Suite 100<br>Clifton Park, NY 12065 |
| Firm Name | Address |
| | 518-373-9900 |
| | Phone |
| | cmills@millslawny.com |
| | E-Mail |

To:   Adirondack Radiology Associates, P.C.

11 Murray Street

Glens Falls, New York

2/24/20

Index  #                    Page 2  of 2                    EF-3

"B"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Patricia Warrington, )<br><br>Plaintiff, )<br><br>v. )<br><br>Hudson Headwaters Health Network,<br>Ellen Deprey and )<br>Adirondack Radiology Associates, P.C., )<br><br>Defendants. ) | Case No. |

DECLARATION OF
<u>MEREDITH TORRES</u>

1.    I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department").    I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2.    The Department has a Claims Office that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3.    As a consequence, if an administrative tort claim had been filed with the Department with respect to Hudson Headwaters Health Network, its approved delivery sites, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Office's database.

4.    I caused a search of the Claims Branch's database to be conducted and found that administrative tort claims were filed on November 2, 2020, by Christopher K. Mills, Esquire,

2

authorized representative for Patricia Warrington, relating to medical care provided by Hudson Headwaters Health Network and Ellen Deprey, P.A.   To date, no final disposition has been made and the Plaintiff has not exhausted her administrative remedies pursuant to 28 U.S.C. §2675.

5.   I have also reviewed official Agency records and determined that Hudson Headwaters Health Network was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2017 and that its coverage has continued without interruption. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Hudson Headwaters Health Network are attached to this declaration as Exhibit 1.

6.   I have also reviewed the employment records submitted by Hudson Headwaters Health Network, on behalf of the defendant, Ellen Deprey, P.A.    I have determined that Ellen Deprey, P.A., was an employee of Hudson Headwaters Health Network at the time of the incidents giving rise to this suit.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 21st day of April, 2021.

MEREDITH TORRES
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

# EXHIBIT

# 1

| | |
|---|---|
| **1. ISSUE DATE:** 6/23/2016 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000543-16-01 | |
| **2b. Supersedes: [ ]** | DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| **3. COVERAGE PERIOD:**<br>FROM: 1/1/2017 THROUGH: 12/31/2017 | |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:**<br>Hudson Headwaters Health Network<br>9 CAREY ROAD QUEENSBURY, NY 12804-7880<br>QUEENSBURY, NY | **HRSA**<br>NOTICE OF DEEMING ACTION |
| **5. ENTITY TYPE:** Grantee | **FEDERAL TORT CLAIMS ACT AUTHORIZATION:**<br>Federally Supported Health Centers Assistance Act (FSHCAA), as amended,<br>Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **7. EXECUTIVE DIRECTOR:**<br>John Rugge | |
| **8a. GRANTEE ORGANIZATION:**<br>Hudson Headwaters Health Network | |
| **8b. GRANT NUMBER:** H80CS00159 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

a. The authorizing program legislation cited above. b. The program regulation cited above, and,
c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Tonya Bowers, Deputy Associate Administrator for Primary Health Care on: 6/23/2016 6:49:37 PM*

| FTCA DEEMING NOTICE NO.:<br>1-F00000543-16-01 | GRANT NUMBER:<br>H80CS00159 |  |
| --- | --- | --- |

**Hudson Headwaters Health Network**
**9 CAREY ROAD QUEENSBURY, NY 12804-7880**
**QUEENSBURY, NY**

Dear John Rugge:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Hudson Headwaters Health Network to be an employee of the PHS, for the purposes of section 224, effective 1/1/2017 through 12/31/2017.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Hudson Headwaters Health Network and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

| | |
|---|---|
| **1. ISSUE DATE:** 8/11/2017 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000543-17-01 | |
| **2b. Supersedes: [ ]** | |
| **3. COVERAGE PERIOD:**<br>**FROM:** 1/1/2018 **THROUGH:** 12/31/2018 | DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:**<br>Hudson Headwaters Health Network<br>9 CAREY RD<br>QUEENSBURY, NY 12804 | **HRSA**<br><br>**NOTICE OF DEEMING ACTION** |
| **6. ENTITY TYPE:** Grantee | **FEDERAL TORT CLAIMS ACT AUTHORIZATION:**<br>Federally Supported Health Centers Assistance Act (FSHCAA), as amended,<br>Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **7. EXECUTIVE DIRECTOR:**<br>David Tucker Slingerland | |
| **8a. GRANTEE ORGANIZATION:**<br>Hudson Headwaters Health Network | |
| **8b. GRANT NUMBER:** H80CS00159 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

  a. The authorizing program legislation cited above.
  b. The program regulation cited above, and,
  c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

*Electronically signed by Tonya Bowers, Deputy Associate Administrator for Primary Health Care on:* 8/11/2017 9:59:08 AM

| FTCA DEEMING NOTICE NO.: 1-F00000543-17-01 | GRANT NUMBER: H80CS00159 |  |
|---|---|---|

**Hudson Headwaters Health Network**
**9 CAREY RD**
**QUEENSBURY, NY12804**

Dear David Tucker Slingerland:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Hudson Headwaters Health Network to be an employee of the PHS, for the purposes of section 224, effective 1/1/2018 through 12/31/2018.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Hudson Headwaters Health Network and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

**1. ISSUE DATE:** (MM/DD/YYYY)
7/3/2018

**2a. FTCA DEEMING NOTICE NO.:**
1-F00000543-18-01

**2b. Supersedes:** [ ]

**3. COVERAGE PERIOD:**
   **From:** 1/1/2019   **Through:** 12/31/2019

**4. NOTICE TYPE:**
Renewal

**5. ENTITY NAME AND ADDRESS:**
Hudson Headwaters Health Network
9 CAREY RD
QUEENSBURY, NY 12804

**6. ENTITY TYPE:**
Grantee

**7. EXECUTIVE DIRECTOR:**
David Tucker Slingerland

**8a. GRANTEE ORGANIZATION:**
Hudson Headwaters Health Network

**8b. GRANT NUMBER:**
H80CS00159

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**HEALTH RESOURCES AND SERVICES ADMINISTRATION**



**NOTICE OF DEEMING ACTION**
**FEDERAL TORT CLAIMS ACT AUTHORIZATION:**
Federally Supported Health Centers Assistance Act(FSHCAA), as amended,
Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n)

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

   a. The authorizing program legislation cited above.

   b. The program regulation cited above, and,

   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Tonya Bowers, Deputy Associate Administrator for Primary Health Care on: 7/3/2018 2:44:50 PM*

A printer version document only. The document may contain some accessibility challenges for the screen reader users. To access same information, a fully 508 compliant accessible HTML version is available on the HRSA Electronic Handbooks in the FTCA Folder. If you need more information, please contact the BPHC Helpline at 877-974-BPHC (2742); Weekdays from 8:30 AM to 5:30 PM ET.

**FTCA DEEMING NOTICE NO.:**
1-F00000543-18-01

**GRANT NUMBER:**
H80CS00159

HRSA

**Hudson Headwaters Health Network**
**9 CAREY RD**
**QUEENSBURY, NY12804**

Dear David Tucker Slingerland:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Hudson Headwaters Health Network to be an employee of the PHS, for the purposes of section 224, effective 1/1/2019 through 12/31/2019.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Hudson Headwaters Health Network and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

A printer version document only. The document may contain some accessibility challenges for the screen reader users. To access same information, a fully 508 compliant accessible HTML version is available on the HRSA Electronic Handbooks in the FTCA Folder. If you need more information, please contact the BPHC Helpline at 877-974-BPHC (2742); Weekdays from 8:30 AM to 5:30 PM ET.



## <u>CERTIFICATION</u>

The undersigned, the Acting United States Attorney for the Northern District of New York, pursuant to the provisions of 42 U.S.C. § 233(c) and by virtue of the authority vested in her by the Attorney General under Title 28, Code of Federal Regulations, Part 15.3, hereby certifies that she has read the foregoing notice of removal and the attachments thereto and that upon the basis of the information now available to her with respect to the incident referred to therein, she certifies that the defendant, Ellen Deprey, was at the time of the alleged incidents in the Complaint, a licensed physician assistant for the Hudson Headwaters Health Network, a federally deemed health center, and was acting within the scope of her employment at all times relevant to the Complaint.

Dated: May ___, 2021

Digitally signed by ANTOINETTE BACON
Date: 2021.05.05 15:39:18 -04'00'

_____
Antoinette T. Bacon
Acting United States Attorney
Northern District of New York